Filed 9/16/25  P. v. Rodola CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082873 |
| v. | (Super.Ct.No. RIF72310) |
| RONALD EDWARD RODOLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Sulaiman, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1997, a jury convicted Ronald Edward Rodola of first degree burglary. (Pen. Code, § 459.) (Unlabeled statutory citations refer to the Penal Code.) Rodola waived a jury trial on the prior conviction allegations, and he admitted that he had served four prior prison terms (former § 667.5, subd. (b)), that he had been convicted of three serious felonies (§ 667, subd. (a)), and that he had a prior strike conviction (§ 667, subd. (e)(1)). The court sentenced him to 40 years to life in state prison. His sentence consisted of 25 years to life for the robbery count and five years for each of his three serious felony convictions, and the court imposed but stayed four one-year sentences for the prior prison term enhancements.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that Rodola was serving a term for a judgment that included prior prison term enhancements that are now invalid under section 1172.75.[1] In December 2023, the court held a hearing and declined to strike the enhancements and to resentence Rodola, finding that Rodola was not eligible for relief under section 1172.75.[2]

---

[1]     On the court's own motion, we took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and augmented the record in this case to include the CDCR list dated June 16, 2022, listing individuals eligible for relief under section 1172.75. Rodola is listed on page 26 of that document.

[2]     The People filed a request for judicial notice on August 13, 2024. We granted that request and took judicial notice of the reporter's transcripts in *People v. Archuleta* (Court of Appeal case No. E082960; Riverside County Superior Court case No. RIF1605083) and *People v. Bonachea* (Court of Appeal case No. E082877, Riverside County Superior Court case No. BAF1801172), which are attached to the People's request.

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of CDCR and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

On appeal, Rodola argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed and stayed. We filed an opinion rejecting Rodola's position and affirming the order denying relief. (*People v. Rodola* (Mar. 24, 2025, E082873) [nonpub. opn.].) The Supreme Court granted review, subsequently decided *People v. Rhodius* (2025) 17 Cal.5th 1050, and then transferred this case back to this court with directions to reconsider it in light of *Rhodius*. *Rhodius* held

3

that section 1172.75 does apply to prior prison term enhancements that were imposed and stayed.  (*Rhodius*, at p. 1054.)  We accordingly reverse and remand for resentencing under section 1172.75.

## DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed, and the matter is remanded with directions to recall defendant's sentence and resentence him pursuant to section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

CODRINGTON
J.

4